SEYFARTH SHAW LLP
Laura Maechtlen (SBN 224923)
lmaechtlen@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
United States of America
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

SEYFARTH SHAW LLP
Anthony J. Musante (SBN 252097)
amusante@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, California 95814
Telephone: (916) 498-7049
Facsimile: (916) 558-4839

Attorneys for Defendant
TARGET CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT N. GONZALEZ, BULMARO FABIAN, PEDRO GARCIA-AYALA,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION, DOES 1 to 100,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Target Corporation ("Target") hereby removes the above-referenced action from the California Superior Court, County of Yolo, pursuant to 28 U.S.C. sections 1441 and 1446, asserting original federal jurisdiction on the basis of diversity, codified in relevant part at 28 U.S.C. section 1332, and state that the removal is proper for the following reasons:

### PLEADINGS AND PROCEEDINGS TO DATE

1. On June 21, 2013, an action was commenced in the Superior Court of the State of

California, County of Yolo, entitled *Robert N. Gonzalez, Bulmaro Fabian, Pedro Garcia-Ayala, plaintiffs, v. Target Corporation, Does 1 through 100, defendants*, Case No. CV13-1116, purporting to assert claims against Defendant under California Government Code sections 12940(j) (harassment based on race); 12940(a) (discrimination based on race); 12940(h) (retaliation based on complaints of racial harassment); 12940(j) (failure to prevent harassment, discrimination, retaliation); 12940(a) (discrimination based on age).

## TIMELINESS OF REMOVAL

2. Defendant was served with the Complaint on July 10, 2013. A copy of the summons and Complaint is attached hereto as **Exhibit A**. Target's Answer, filed in the state court on August 2, 2013, is attached hereto as **Exhibit B**. Defendant is informed and believes that the documents attached to this notice as Exhibits A and B constitute the entirety of the state court file in this action. This notice of removal is filed within thirty days of receipt of an amended pleading or other paper from which it could first be ascertained that the case has become removable, and is timely pursuant to 28 U.S.C. section 1446(b)(1) and *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

## DIVERSITY JURISDICTION

3. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(a)(1), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(a) in that this action involves citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Defendant is informed and believes, and thereon alleges, that Plaintiffs were at all relevant times, and still are, citizens of the State of California.

5. Target is not a citizen of the State of California. Target is incorporated under the laws of the State of Minnesota and maintains its principal place of business in the State of Minnesota. According to the United States Supreme Court, a company's "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and

coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Hertz Corp. v. Friend*, 559 U. S. 77, 92-93 (2010).

6. Target's corporate headquarters are in Minneapolis, Minnesota. All of its corporate officers are located in Minnesota. It follows that Target is a citizen of the State of Minnesota.

7. Target is not aware of any Doe defendant having been served with a copy of the Summons and Complaint. The citizenship of the fictitious defendants, Does 1 through 100, must be disregarded pursuant to 28 U.S.C. § 1441(a). Accordingly, pursuant to 28 U.S.C. section 1332(c), Plaintiffs and Defendant have diverse citizenship.

## AMOUNT IN CONTROVERSY

8. Plaintiffs pray for the following damages: actual, consequential, compensatory, and incidental loss resulting from defendant's wrongful conduct; punitive damages according to proof; pain and suffering damages; costs of the suit; and attorneys' fees. *See, e.g.,* Complaint, ¶¶ 44-46, 52-54, 58, 67-69, 75-77 and Prayer, p. 12.

9. While Defendant denies any liability as to Plaintiffs' claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996) ("defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount").

10. In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Gibson v. Chrysler Corp.*, 261 F. 3d 927, 945 (9th Cir. 2001) ( "It is well established that punitive damages are part of the amount in controversy in a civil action"); *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in

controversy, regardless of whether such an award is discretionary or mandatory); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages). As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition).

11.   Plaintiffs' prayer for compensatory damages necessarily includes a claim for back pay. *See Lowe v. California Resources Agency*, 1 Cal. App. 4th 1140, 1144 n.3 (1991) ("In the employment discrimination context, the term '[b]ack pay refers to the amount that plaintiff would have earned but for the employer's unlawful conduct, minus the amount that plaintiff did earn or could have earned if he or she had mitigated the loss by seeking or securing other comparable employment. Back pay includes … fringe benefits (such as medical insurance), and all other compensation that would have been obtained but for the discrimination.'") (quoting 3 Wilcox, Cal. Employment Law (1991) EEO Civil Actions, State Law, § 43.01[8][b], pp. 43-44, 43-45, fns. omitted). Each of the plaintiffs have been unemployed since their termination from Target. (Complaint ¶¶ 26, 28, 30)

    **a.**    **Plaintiff Gonzalez's Claim For Back Pay.**

Plaintiff Gonzalez's hourly rate of pay was $20.88 at the time of his termination from Target. (Declaration of Anthony J. Musante ("Musante Decl."), ¶ 2). As such, his annual pay from Target was approximately $43,000. (*Id.*) Plaintiff Gonzalez last performed work for Target on May 6, 2011. (Complaint ¶ 25). Therefore, the amount of his claimed lost income is over two year's wages, or more than $86,000. Furthermore, considering the Court's calendar, the standard timelines for the progress of civil litigation, and the timeframes involved in the Federal Rules of Civil Procedure, it is unlikely this case will come to trial within 12 months, bringing the amount of back pay to approximately $129,000.

    **b.**    **Plaintiff Fabian's Claim For Back Pay.**

Plaintiff Fabian's hourly rate of pay from Target was $21.32. (Musante Decl., ¶ 3). Based on his hourly rate, he earned approximately $44,000 annually. (*Id.*) Plaintiff Fabian last

performed work for Target on September 10, 2011. (Complaint ¶ 27). Accordingly, his amount of claimed lost income is nearly two years' worth of wages, or approximately $88,000. In addition, considering the Court's calendar, the standard timelines for the progress of civil litigation, and the timeframes involved in the Federal Rules of Civil Procedure, it is unlikely this case will come to trial within 12 months, bringing the amount of back pay to approximately $ 132,000.

        **c.**     **Plaintiff Garcia-Ayala's Claim For Back Pay.**

Plaintiff Garcia-Ayala's hourly rate of pay from Target was $ 21.78. (Musante Decl., ¶ 4). Based on his hourly rate, he earned approximately $ 45,000 annually. (*Id.*) Plaintiff Garcia-Ayala last worked for Target on July 28, 2012. (Complaint ¶ 29). Therefore, his amount of claimed lost income is currently over one year's worth of wages, or about $ 45,000. Moreover, considering the Court's calendar, the standard timelines for the progress of civil litigation, and the timeframes involved in the Federal Rules of Civil Procedure, it is unlikely that this case will come to trial within 12 months, bringing the amount of back pay claimed to at least $ 90,000.

        12.     Plaintiffs also claim that they have suffered damages in the form of "anxiety and stress as a result of the actions of TARGET and its management." (Complaint ¶ 31) Specifically, they claim to have "suffered and continue to suffer grave emotional injury, including depression, anxiety, stress, humiliation, and embarrassment." (*Id.* at ¶¶ 45, 53, 68, 76) Emotional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the complaint. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) ("the vagueness of plaintiffs' pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial").

        13.     Plaintiffs also seeks punitive damages, claiming that the alleged acts were "malicious, oppressive or fraudulent with intent to vex, injure, annoy, humiliate, and embarrass PLAINTIFFS, and in conscious disregard for the rights or safety of PLAINTIFFS and other TARGET employees, and in furtherance of TARGET'S ratification of its managers' wrongful conduct." (Complaint ¶¶ 46, 54, 69, 77) Requests for punitive damages must also be taken into

account in ascertaining the amount in controversy if they are recoverable as a matter of state law. *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Anthony v. Security Pacific Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

       14.    A court may consider awards in similar cases when deciding whether it is more likely than not that the amount in controversy requirement is met. *Simmons*, 209 F. Supp. 2d at 1033; *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).  Defendant directs the Court's attention to the following recent verdicts in similar cases, all of which exceeded $75,000:

- *O'Quinn v. Raley's*, 2007 Jury Verdicts Lexis 35806 (E.D. Cal. 2007) (award of $1,405,500 to employee against employer for race discrimination);
- *Campbell v. National Railroad Passenger Corporation*, 2009 WL 1749192 (N.D. Cal. 2009) (award of $677,000 to employee who brought action against employer for race discrimination and retaliation);
- *Hamed v. Macy's West Stores, Inc.*, 2011 Jury Verdicts Lexis 197369 (N.D. Cal. 2011) (award of $105,613 to employee against employer for age, national origin, and disability discrimination, as well as retaliation);
- *Allen v. Radio Shack Corp.*, 2013 Jury Verdicts Lexis 3285 (N.D. Cal. 2013) (award of $1,030,000 to employee who brought action against employer for wrongful termination and age discrimination);
- *Hill v. San Francisco Bay Area Rapid Transit District*, 2007 Measley's CA Jury Verdicts & Settlements 2830 (Alameda Superior Court, Oct. 16, 2007) (award of $1,271,500 to employee who brought action against employer for racial harassment, discrimination, and retaliation);
- *Ranford v. BAE Systems*, 2011 Jury Verdicts Lexis 15290 (San Francisco Superior Court, Jan. 10, 2011) (award of $2,170,000 to employee who brought action for race discrimination and wrongful termination);

- *Sappington v. Henkel Corp.*, 2012 Jury Verdicts Lexis 6499 (Contra Costa Superior Court, Mar. 15, 2012) (award of $200,000 to employee against employer for wrongful termination due to discrimination based on age).

Taken together, these cases show that damage awards can easily exceed $75,000 in harassment, discrimination and retaliation cases.

15. Finally, it is unimaginable that Plaintiffs' counsel would seek less than $75,000 in attorneys' fees for a jury trial of the claims alleged in the Complaint. If Plaintiffs' counsel is seeking less than $75,000 in fees, Defendant invites him to stipulate to this fact for purposes of this case.

16. Thus, it is clear that, if Plaintiffs' claims are successful, the damages sought for purposes of determining the amount in controversy would more likely than not exceed $75,000. *Simmons v. PCR Tech.*, 209 F. Supp. 2d at 1031 (removal is proper where defendant demonstrates it is "more likely than not" that the amount in controversy exceeds $75,000).

## **VENUE**

17. Removal to this Court is proper pursuant to 28 U.S.C. sections 1391(a) and 1441(a) because the state court action was filed in Yolo County.

WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, Yolo County, to the United States District Court for the Eastern District of California.

Dated: August 5, 2013                    SEYFARTH SHAW LLP


                                         By:  /s/ Anthony J. Musante
                                             Laura Maechtlen
                                             Anthony J. Musante
                                         Attorneys for Defendants
                                         TARGET CORPORATION

7
NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT
15875610v.2