# EXHIBIT A

CE

1  SIMERDIP KHANGURA, SBN: 272525
2  CASEY AYER, SBN: 288221
   LAW OFFICES OF ILIJA CVETICH
3  3465 American River Drive, Suite B
   Sacramento, CA 95864
4  Phone: 916-488-1930
   Fax: 916-488-1939
5  Email: sk@iclawoffices.com
6
7  Attorney for Plaintiffs,
   ROBERT N. GONZALEZ, BULMARO FABIAN,
8  PEDRO GARCIA-AYALA

**F I L E D**
YOLO SUPERIOR COURT

JUN 2 1 2013

By_____
         Deputy

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    IN THE COUNTY OF YOLO          *By Fax*

11  ROBERT N. GONZALEZ, BULMARO   )  Case No.: CV13-1116
12  FABIAN, PEDRO GARCIA-AYALA    )
                                  )  PLAINTIFFS' COMPLAINT FOR
13        Plaintiffs,             )  DAMAGES FOR:
                                  )  1) HARASSMENT BASED ON RACE IN
14                                )     VIOLATION OF FEHA;
           vs.                    )
15                                )  2) DISCRIMINATION BASED ON RACE
16  TARGET CORPORATION, DOES 1 TO 100, )   IN VIOLATION OF FEHA;
                                  )  3) RETALIATION IN VIOLATION OF
17        Defendants.             )     FEHA;
                                  )  4) FAILURE TO PREVENT IN
18                                )     VIOLATION OF FEHA;
19                                )  5) DISCRIMINATION BASED ON AGE IN
                                  )     VIOLATION OF FEHA
20                                )

21      Come now plaintiffs ROBERT N. GONZALEZ, BULMARO FABIAN, and PEDRO
22
23  GARCIA-AYALA (collectively "PLAINTIFFS") who complain and allege as follows:

24                                   **PARTIES**

25    1. Plaintiff, ROBERT N. GONZALEZ (hereinafter "GONZALEZ") was at all relevant
26       times herein a resident of Colfax, County of Placer, and State of California.
27    2. Plaintiff, BULMARO FABIAN (hereinafter "FABIAN") was at all relevant times herein
28       a resident of Yuba City, County of Sutter, and State of California.

                    PLAINTIFFS' COMPLAINT FOR DAMAGES - 1

109M571209791.tif - 6/20/2013 11:18:35 AM
116M573168567.tif - 7/10/2013 9:28:38 AM

3.  Plaintiff, PEDRO GARCIA-AYALA (hereinafter "GARCIA-AYALA") was at all relevant times herein a resident of Woodland, County of Yolo, and State of California.

4.  PLAINTIFFS were at all relevant times, employees of defendant TARGET CORPORATION (hereafter "TARGET"), a Minnesota corporation. TARGET is in the business of, inter alia, owning, operating and managing retail establishments all over the country.  PLAINTIFFS were at all relevant times employed at TARGET Distribution Warehouse located at 2050 E Beamer St., Woodland, County of Yolo, and State of California.

5.  Defendant TARGET is an employer in California and is bound to comply with the Government Code.

6.  The true names and capacities of the defendants named herein as DOES 1 to 100, inclusive, whether individual, corporate, associate, or otherwise, are unknown to PLAINTIFFS who therefore sue those defendants by fictitious names pursuant to California Code of Civil Procedure Section 474. PLAINTIFFS are informed and believe that DOES 1 to 100 are California residents. PLAINTIFFS will amend this complaint to show such true names and capacities, when they have been determined.

7.  PLAINTIFFS are informed and believe, and thereby allege, that at all times relevant, each of the defendants was the agent, employee, or representative of each of the other defendants and acted within the scope of that authority, with the permission and consent of the co-defendants, and each of them, at their discretion and control, with the ratification of and agreement with the acts of each defendant by the others.

**JURISDICTION AND VENUE**

8.  PLAINTIFFS bring this complaint for violations of the California Government Code, California Civil Code, and California common law and the amount in controversy exceeds the minimum required by this Court. Accordingly, this Court has jurisdiction over the claims in this matter.

9.  Given that various events underlying this lawsuit took place at the TARGET Distribution Warehouse located in Yolo County, venue is proper in this Court.

PLAINTIFFS' COMPLAINT FOR DAMAGES - 2

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. In accordance with the appropriate regulations, codes, and statutes, including but not limited to the Government Code, PLAINTIFFS have exhausted their administrative remedies by filing timely complaints with the California Department of Fair Employment and Housing ("DFEH"). PLAINTIFFS received the "right to sue" letters as to each of the defendants identified herein from the DFEH. True and correct copies of the "right to sue" letters are attached hereto as **Exhibit 1**.

11. All of the acts alleged herein were in the nature of a continuing violation and/or continuing torts. All of the misconduct alleged herein was part of the same continuous pattern of discrimination and harassment, and at least some of the misconduct occurred within one year of the date PLAINTIFFS filed their claims with the DFEH.

## FACTS

### Background

12. Plaintiff GONZALEZ, a 58-year-old Mexican, Hispanic male, began working for defendant TARGET on or about October 29, 2004 in the position of a warehouse worker.

13. Plaintiff FABIAN, a 58-year-old Mexican, Hispanic male, began working for defendant TARGET on or about December 2005 in the position of a warehouse worker.

14. Plaintiff GARCIA-AYALA, a 36-year-old Mexican, Hispanic male, began working for defendant TARGET on or about August 15, 2001 in the position of a warehouse worker.

### Hostile Work Environment

15. Throughout the terms of PLAINTIFFS' employment, defendant TARGET employed minorities in manual labor positions, while Caucasian employees held nearly all management positions.

16. The Caucasian TARGET managers regularly used racial slurs while addressing PLAINTIFFS and other Hispanic employees on the warehouse floor, including, but not limited to:

///

|   |   |   |
|---|---|---|
| | a. | "You got to be Mexican to work like this."; |
| | b. | "What the hell, I'm already sweating like a Mexican."; |
| | c. | "Only a Mexican can work this hard."; and |
| | d. | "Only a 'wet-back' can work this hard." |

17. The above comments were made on a daily basis throughout the term of PLAINTIFFS' employment by numerous managers and directed at all PLAINTIFFS.

18. TARGET provided its Distribution Warehouse Managers a document titled: "Organization Effectiveness, Employee and Labor Relations Multi-Cultural Tips." A true and correct copy of the document is attached hereto as **Exhibit 2**. This document instructs managers to note differences among Hispanic employees, and states the following:

|   |   |   |
|---|---|---|
| | a. | Food: not everyone eats tacos and burritos; |
| | b. | Music: not everyone dances to salsa; |
| | c. | Dress: not everyone wears a sombrero; |
| | d. | Mexicans (lower education level, some may be undocumented); |
| | e. | Cubans (Political refugees, legal status, higher educational level); and |
| | f. | They may say "OK, OK" and pretend to understand, when they do not, just to save face. |

19. In addition to being subjected to derogatory statements on a daily basis and stereotypes, PLAINTIFFS were expected to work harder than their Caucasian counterparts and were not given the same overtime opportunities throughout the terms of their employment.

20. PLAINTIFFS were also subject to racial epithets and abusive language while performing their job duties from Caucasian TARGET managers.

### Complaints to Human Resources

21. On or about the beginning of 2011, Plaintiff GONZALEZ specifically reported the racial comments made by his manager Steve and disparity in approving overtime to TARGET human resources. Human resources personnel Bonnie and Caylee dismissed plaintiff GONZALEZ'S complaints.

22. After plaintiff GONZALEZ made his complaints to human resources, Steve and other supervisors became more hostile and abusive towards GONZALEZ. Steve elbowed plaintiff GONZALEZ in his back when GONZALEZ was eating his lunch in the break room. Additionally, manager, Terry McCafee, began using more racial epithets when instructing GONZALEZ on his work and would purposefully throw boxes on the ground and then order GONZALEZ to pick them up in an attempt to humiliate GONZALEZ amongst his colleagues.

23. Plaintiff GONZALEZ called TARGET corporate human resources in Minnesota to report the abusive and hostile behavior of TARGET management; however, again human resources failed to investigate and GONZALEZ received no response to his complaints.

## Older Employees Are Terminated

24. Beginning on or about 2010, TARGET management began to terminate older Hispanic employees and replace them with younger seasonal Caucasian employees within the age group of 18 to 22. The termination of older workers included plaintiffs GONZALEZ and FABIAN, in addition, but not limited to the following older employees: Jose Rodriguez, who worked for Target for 17 years and was terminated at age 59; Hilario Aguirro, terminated at age 54; Sergio Ramirez, terminated at age 49.

## Plaintiffs Are Terminated

25. Plaintiff GONZALEZ was terminated on or about May 6, 2011 after seven years of employment with TARGET. TARGET stated GONZALEZ was being terminated for performance reasons, but GONZALEZ believes that TARGET had been attempting to force GONZALEZ to quit by making his work environment more and more hostile and abusive from the date he contacted human resources and reported his manager's unlawful actions as described above in Paragraphs 21, 22 and 23. GONZALEZ believes his termination was retaliatory and based on being an older Hispanic, Mexican employee.

26. Plaintiff GONZALEZ remains unemployed to date.

PLAINTIFFS' COMPLAINT FOR DAMAGES - 5

27. Plaintiff FABIAN was terminated on or about September 10, 2011 for alleged performance issues after five years of employment with TARGET. Plaintiff FABIAN was terminated while he was on restricted duty for an industrial injury. Plaintiff FABIAN believes his termination was based on being an older Hispanic, Mexican employee.

28. Plaintiff FAIBAN remains unemployed to date.

29. Plaintiff GARCIA-AYALA was terminated on or about July 28, 2012 after 10 years of employment with TARGET for alleged performance reasons. Plaintiff GARCIA-AYALA believes that his termination was based on being a Hispanic, Mexican employee.

30. Plaintiff GARCIA-AYALA remains unemployed to date.

31. PLAINTIFFS have been emotionally damaged and suffer from anxiety and stress as a result of the actions of TARGET and its management.

## FIRST CAUSE OF ACTION

### (Harassment Based on Race)

32. PLAINTIFFS hereby incorporate and reallege Paragraphs 1 through 31, inclusive, of this complaint as if fully set forth herein. This cause of action is pled against each and every defendant.

33. Defendant TARGET, at all relevant times hereto, was an employer within the meaning of California Government Code Section 12926(d) as it employed more than five persons and was not a religious non-profit organization.

34. Defendant TARGET managers and human resources personnel, at all times relevant hereto, held supervisory positions over PLAINTIFFS, and while acting in the course of their job duties, made decisions affecting PLAINTIFFS' employment. Therefore TARGET managers including, but not limited to, Steve, Terry McCafee, Calyee, and Bonnie were barred from harassing PLAINTIFFS on the basis of their race and ethnicity, as set forth in California Government Code Section 12940 et seq.

116M573168567.tif - 7/10/2013 9:28:38 AM

1    Consequently, TARGET is strictly liable for the unlawful actions of its managers and

2    human resources personnel.

3    35. PLAINTIFFS, at all relevant times hereto, were employees within the meaning of

4    California Government Code Section 12926(c) as defendants were not their parents,

5    spouses, or children, and PLAINTIFFS were not employed under a special license in a

6    non-profit sheltered workshop or rehabilitation facility.

7    36. PLAINTIFFS were at all relevant times members of protected classes, as PLAINTIFFS

8    are Mexican and Hispanic.

9    37. PLAINTIFFS were verbally harassed by and through TARGET managers as described

10    above in Paragraphs 15, 16, 17, 18, 19, 20 and 22.

11    38. The conduct as described above was unwelcomed, directed toward PLAINTIFFS, and

12    was part of an ongoing and continuing pattern of conduct.

13    39. The conduct as described above caused PLAINTIFFS to perceive their work

14    environment as intimidating, hostile, abusive, and offensive.

15    40. PLAINTIFFS complained of the hostile work environment created by TARGET

16    managers but the harassment continued.

17    41. PLAINTIFFS have reason to believe that the above-mentioned harassing actions were

18    taken on the basis of PLAINTIFFS being members of protected classes, namely

19    Mexican and Hispanic.

20    42. TARGET knew about the harassing actions and consequences, due to PLAINTIFFS'

21    repeated complaints to management and human resources and as evidenced by Exhibit 2

22    circulated by TARGET to management in a failed and inappropriate attempt to address a

23    race and ethnicity based hostile work environment.

24    43. In further violation of the duty not to harass, TARGET failed to diligently investigate or

25    remedy PLAINTIFFS' complaints of harassment.

26    44. As a direct and proximate result of the harassment as described above, PLAINTIFFS

27    suffered and continue to suffer losses in earnings and other employment benefits.

28

116M573168567.tif - 7/10/2013 9:28:38 AM

1    45. As a direct and proximate result of the harassment as described above, PLAINTIFFS

2          suffered and continue to suffer grave emotional injury, including depression, anxiety,

3          stress, humiliation, and embarrassment.

4    46. TARGET'S acts were malicious, oppressive or fraudulent with intent to vex, injure,

5          annoy, humiliate, and embarrass PLAINTIFFS, and in conscious disregard for the rights

6          or safety of PLAINTIFFS and other TARGET employees, and in furtherance of

7          TARGET'S ratification of its managers' wrongful conduct. Accordingly, PLAINTIFFS

8          are entitled to recover punitive damages from defendants.

9          WHEREFORE, PLAINTIFFS pray for judgment as hereinafter set forth.

10                        **SECOND CAUSE OF ACTION**

11                         (Discrimination Based on Race)

12   47. PLAINTIFFS hereby incorporate and reallege Paragraphs 1 through 46, inclusive, of

13         this complaint as if fully set forth herein.  This cause of action is pled against each and

14         every defendant.

15   48. PLAINTIFFS were at all relevant times members of protected classes, as PLAINTIFFS

16         are Mexican and Hispanic.

17   49. Caucasian  TARGET  managers  and  human  resources  discriminated  against

18         PLAINTIFFS by creating a hostile work environment, not providing PLAINTIFFS the

19         same types of overtime opportunities as those provided to Caucasian employees, and by

20         finally terminating PLAINTIFFS from employment.

21   50. PLAINTIFFS believe and allege that being Mexican and Hispanic were substantial

22         factors in TARGET'S treatment of PLAINTIFFS as described above.

23   51. TARGET'S disparate treatment of PLAINTIFFS as described above constituted an

24         unlawful employment practice as set forth in California Government Code Section

25         12940(a).

26   52. As a direct and proximate result of the discrimination as described above, PLAINTIFFS

27         suffered and continue to suffer losses in earnings and other employment benefits.

28

53. As a direct and proximate result of the discrimination as described above, PLAINTIFFS suffered and continue to suffer grave emotional injury, including depression, anxiety, stress, humiliation, and embarrassment.

54. TARGET'S acts were malicious, oppressive or fraudulent with intent to vex, injure, annoy, humiliate, and embarrass PLAINTIFFS, and in conscious disregard for the rights or safety of PLAINTIFFS and other TARGET employees, and in furtherance of TARGET'S ratification of its managers' wrongful conduct. Accordingly, PLAINTIFFS are entitled to recover punitive damages from defendants.

WHEREFORE, PLAINTIFFS pray for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION

### (Retaliation)

55. Plaintiff GONZALEZ hereby incorporates and realleges Paragraphs 1 through 54, inclusive, of this complaint as if fully set forth herein. This cause of action is pled against each and every defendant.

56. Plaintiff GONZALEZ opposed TARGET'S discrimination as described above in Paragraphs 21 through 23 by making formal complaints to his managers, local human resources, and corporate human resources.

57. As a result of plaintiff GONZALEZ'S protests and complaints, he has been subjected to retaliation as described above in Paragraph 22. Additionally, plaintiff GONZALEZ believes protesting the harassment and discrimination was a substantial factor in causing his termination.

58. As a result of TARGET'S retaliation against GONZALEZ, GONZALEZ has suffered and continues to suffer damages, in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

WHEREFORE, plaintiff GONZALEZ prays for judgment as hereinafter set forth.

///

## FOURTH CAUSE OF ACTION

(Failure to Prevent Harassment, Discrimination, and Retaliation)

59. PLAINTIFFS hereby incorporate and reallege Paragraphs 1 through 58, inclusive, of this complaint as if fully set forth herein. This cause of action is pled against each and every defendant.

60. In violation of California Government Code Section 12940 et seq., TARGET failed to take all reasonable steps necessary to prevent a hostile work environment, discrimination, and retaliation against PLAINTIFFS for opposing forbidden practices.

61. In perpetrating the above-described conduct, TARGET engaged in a pattern and practice of harassment, discrimination, and retaliation based on race and ethnicity.

62. TARGET had both actual and constructive knowledge of PLAINTIFFS' ongoing harassment and discrimination due to plaintiff GONZALEZ'S complaints and because **Exhibit 2**, distributed by TARGET, clearly demonstrates that there were ongoing issues between management and employees of Hispanic background.

63. TARGET failed to adequately respond and conduct an investigation into PLAINTIFFS' allegations and further perpetuated the harassment and discrimination by disseminating **Exhibit 2**, a document that effectively reinforces negative stereotypes regarding Mexicans and Hispanics. TARGET thereby established a policy, custom, practice or usage within the corporation, which condoned, encouraged, tolerated, sanctioned, ratified, approved of, and/or acquiesced in the harassment, discrimination, and retaliation toward PLAINTIFFS.

64. Defendant TARGET did not have an adequate policy against harassment, discrimination and retaliation, and did not have adequate training in respect to its management, such as managers Steve and Terry McCafee and human resources Caylee and Bonnie.

65. Defendant TARGET should have known that the failure to respond to PLAINTIFFS' complaints and its inadequate training would result in harassment, discrimination, and retaliation.

1    66. Defendant TARGET'S failure to respond and provide adequate training constituted

2        deliberate indifference to the rights of its employees, including but not limited to those

3        of PLAINTIFFS, under the California Government Code Section 12940 et seq.

4    67. As a direct and proximate result of defendant TARGET'S failure to prevent,

5        PLAINTIFFS suffered and continue to suffer losses in earnings and other employment

6        benefits.

7    68. As a direct and proximate result of defendant TARGET'S failure to prevent,

8        PLAINTIFFS suffered and continue to suffer grave emotional injury, including

9        depression, anxiety, stress, humiliation, and embarrassment.

10    69. TARGET'S actions were malicious, oppressive or fraudulent with intent to vex, injure,

11        annoy, humiliate, and embarrass PLAINTIFFS, and in conscious disregard for the rights

12        or safety of PLAINTIFFS and other TARGET employees, and in furtherance of

13        TARGET'S ratification of its managers' wrongful conduct. Accordingly, PLAINTIFFS

14        are entitled to recover punitive damages from TARGET.

15        WHEREFORE, PLAINTIFFS pray for judgment as hereinafter set forth.

16                **FIFTH CAUSE OF ACTION**

17                (Discrimination Based on Age)

18    70. Plaintiffs GONZALEZ and FABIAN hereby incorporate and reallege Paragraphs 1

19        through 69, inclusive, of this complaint as if fully set forth herein. This cause of action

20        is pled against each and every defendant.

21    71. PLAINTIFFS were at all relevant times members of protected classes, as PLAINTIFFS

22        were above the age of 55.

23    72. TARGET discriminated against plaintiffs GONZALEZ and FABIAN by terminating

24        them from employment without cause and replacing their positions with younger

25        Caucasian employees in the age group of 18 to 22.

26    73. Plaintiffs GONZALEZ and FABIAN believe and allege that being older employees was

27        a substantial factor in defendant TARGET'S treatment of PLAINTIFFS as described

28        above.

74. Defendant TARGET'S disparate treatment of plaintiffs GONZALEZ and FABIAN as described above constituted an unlawful employment practice as set forth in California Government Code Section 12940(a).

75. As a direct and proximate result of the discrimination as described above, plaintiffs GONZALEZ and FABIAN suffered and continue to suffer losses in earnings and other employment.

76. As a direct and proximate result of the discrimination as described above, plaintiffs GONZALEZ and FABIAN suffered and continue to suffer grave emotional injury, including depression, anxiety, stress, humiliation, and embarrassment.

77. TARGET Distribution Warehouse managers' acts were malicious, oppressive or fraudulent with intent to vex, injure, annoy, humiliate, and embarrass plaintiffs GONZALEZ and FABIAN, and in conscious disregard for the rights or safety of plaintiffs GONZALEZ and FABIAN and other TARGET employees, and in furtherance of TARGET'S ratification of its managers' wrongful conduct. Accordingly, plaintiffs GONZALEZ and FABIAN are entitled to recover punitive damages from defendants.

WHEREFORE, plaintiffs GONZALEZ and FABIAN pray for judgment as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for judgment against defendants, and each of them, jointly and severally, for:

1. Declaratory relief stating that defendants have violated the California Fair Employment and Housing Act;

2. All actual, consequential, compensatory, and incidental losses resulting from defendants' wrongful conduct;

3. Punitive damages according to proof;

4. Pain and suffering damages;

5. Costs of the suit incurred herein;

PLAINTIFFS' COMPLAINT FOR DAMAGES - 12

116M573168567.tif - 7/10/2013 9:28:38 AM

6.   Reasonable attorneys' fees, pursuant to California Government Code Section 12965 and any other provision of law; and

7.   Such other and further relief as the Court may deem proper.

DATED: June 20, 2013                    Respectfully submitted,

                                        LAW OFFICES OF ILIJA CVETICH

                                        _____
                                        SIMERDIP KHANGURA
                                        Attorney for Plaintiffs

                                        _____
                                        CASEY AYER
                                        Attorney for Plaintiffs

# EXHIBIT 1

Jul. 10. 2013  8:51AM                                                        No. 2228  P. 16



STATE OF CALIFORNIA | State and Consumer Services Agency                    GOVERNOR EDMUND G. BROWN JR.

DEPARTMENT OF FAIR EMPLOYMENT & HOUSING          DIRECTOR PHYLLIS W. CHENG
(800) 884-1684 | Videophone for the DEAF (916) 226-5285
TTY: (800) 700-2320 | www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

June 25, 2012

Robert N. Gonzalez
555 Matmor Road #55
Woodland, CA  95776

RE:    E201112E1348-00-ae/37AB209665
       Gonzalez/Target Distribution Center 555

Dear Robert N. Gonzalez:

## NOTICE OF CASE CLOSURE

The consultant assigned to handle the above-referenced discrimination complaint
that was filed with the Department of Fair Employment and Housing (DFEH) has
recommended that the case be closed effective June 22, 2012.  Please be advised
that this recommendation has been accepted.

Based upon its investigation, DFEH is unable to conclude that the information
obtained establishes a violation of the statute.  This does not certify that the
respondent is in compliance with the statutes.  No finding is made as to any other
issues that might be construed as having been raised by this complaint.

This letter is also your Right-To-Sue Notice.  According to Government Code
section 12965, subdivision (b), a civil action may be brought under the provisions
of the Fair Employment and Housing Act against the person, employer, labor
organization or employment agency named in the above-referenced complaint.
This is also applicable to DFEH complaints that are filed under, and allege a
violation of Government Code section 12948 which incorporates Civil Code
sections 51, 51.7, and 54.  The civil action must be filed within one year from the
date of this letter.  However, if your civil complaint alleges a violation of Civil Code
section 51, 51.7, or 54, you should consult an attorney about the applicable
statutes of limitation.  If a settlement agreement has been signed resolving the
complaint, it is likely that your right to file a private lawsuit may have been waived.

| HEADQUARTERS | BAKERSFIELD | FRESNO | LOS ANGELES | OAKLAND | SAN JOSE |
|---|---|---|---|---|---|
| 2218 Kausen Drive | 4800 Stockdale Highway | 1277 E. Alluvial Avenue | 1055 West 7th Street | 1515 Clay Street | 2570 N. First Street |
| Suite 100 | Suite 215 | Suite 101 | Suite 1400 | Suite 701 | Suite 480 |
| Elk Grove, CA  95758 | Bakersfield, CA 93309 | Fresno, CA 93720 | Los Angeles, CA 90017 | Oakland, CA 94612 | San Jose, CA 95131 |
| (916) 478-7251 | (661) 395-2729 | (559) 244-4760 | (213) 439-6799 | (510) 622-2941 | (408) 325-0344 |

116M573168567.tif - 7/10/2013 9:28:38 AM

Notice of Case Closure
Page Two


In that your case is dual filed with the United States Equal Employment
Opportunity Commission (EEOC), you have a right to request EEOC perform a
substantial weight review of our agency's findings. To secure this review, you
must request it in writing to the State and Local Coordinator at:

☐ 350 The Embarcadero, Suite 500, San Francisco, CA 94105, (415) 625-5600
(Northern California).

☐ 255 East Temple St., 4th Floor, Los Angeles, CA 90012, (213) 894-1000
(Southern California).

This request must be made within fifteen (15) days of your receipt of the letter
closing your case. Pursuant to Government Code section 12965, subdivision
(d)(1), your right to sue may be tolled during the pendency of EEOC's review of
your complaint.

DFEH does not retain case files beyond three years after a complaint is filed, unless
the case is still open at the end of the three-year period.

Sincerely,

Angelina Endsley

Angelina Endsley
District Administrator
Sacramento District


cc:  Case File



Mark Baker
Human Resources
Target Distribution Center 555
2050 E. Beamer Street
Woodland, CA 95776

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 I Videophone (916) 226-5285 I TDD (800) 700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

DIRECTOR PHYLLIS W. CHENG

September 07, 2012

Bulmaro Fabian
1781 Franklin Road Space 24
Yuba City, CA 95993

RE: 39632-19046  - Fabian Bulmaro - Right To Sue

Notice of Case Closure and Right to Sue

Dear Bulmaro Fabian:

This letter informs you that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective September 07, 2012 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,


Department of Fair Employment and Housing


cc: Resources Human, Agent for Service for Target Corporation

STATE OF CALIFORNIA |State and Consumer Services Agency                                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                          DIRECTOR PHYLLIS W. CHENG
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684  I Videophone 916-226-5285 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

May 06, 2013

Pedro Garcia.Ayala
1702 Sixth Street
Woodland, CA 95695

RE: **Notice of Case Closure and Right to Sue**
DFEH Number: 67287-31766
EEOC Number: 37A-2013-16337-C (Yolo - N)
Garcia.Ayala / Target

Dear Pedro Garcia.Ayala:

The Department of Fair Employment and Housing (DFEH) has closed your case for the following reason: Withdrawn / Withdrawn – Intend to File a Lawsuit / Settlement.

**This is your Right to Sue Notice.** According to Government Code section 12966, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. This is also applicable to DFEH complaints that are filed under, and allege a violation of, Government Code section 12948, which incorporates Civil Code sections 51, 51.7, and 54. The civil action must be filed within one year from the date of this letter. However, if your civil complaint alleges a violation of Civil Code section 51, 51.7, or 54, you should consult an attorney about the applicable statutes of limitation.

Please note that if a settlement agreement has been signed resolving the complaint, you may have waived the right to file a private lawsuit. Should you decide to bring a civil action on your own behalf in court in the State of California under the provisions of the California Fair Employment and Housing Act (FEHA) against the person, employer, labor organization or employment agency named in your complaint, below are resources for this.

**Finding an Attorney**
To proceed in Superior Court, you should contact an attorney. If you do not already have an attorney, the organizations listed below may be able to assist you:

• The State Bar of California has a Lawyer Referral Services Program which can be accessed through its Web site at www.calbar.ca.gov or by calling (866) 442-2529 (within California) or (415) 538-2250 (outside California).

Notice of Case Closure and Right to Sue
May 6, 2013
Page 2 of 2

- Your county may have a lawyer referral service. Check the Yellow Pages of your telephone book under "Attorneys."

## Filing in Small Claims Court

- The Department of Consumer Affairs (DCA) has a publication titled "The Small Claims Court: A Guide to Its Practical Use" online at of "The Small Claims Court: A Guide to Its Practical Use" online at http://www.dca.ca.gov/publications/small_claims/. You may also order a free copy of "The Small Claims Court: A Guide to Its Practical Use" online, by calling the DCA Publication Hotline at (866) 320-8652, or by writing to them at: DCA, Office of Publications, Design and Editing; 1625 North Market Blvd., Suite N-112; Sacramento; CA; 95834.

- The State Bar of California has information on "Using the Small Claims Court" under the "Public Services" section of its Web site located at www.calbar.ca.gov.

Sincerely,

Doriann Shreve
Consultant II
510-789-1040

cc: Target

# EXHIBIT 2

# Organizational Effectiveness

## Employee and Labor Relations Multi-Cultural Tips

### Demographics of the Hispanic Community
#### Cultural Differences



- There are many cultural, behavioral and attitudinal differences between Hispanics of different countries of origin
- Language use and accents: Spain vs. Latin American; Caribbean vs. Argentinean
- Food: not everyone eats tacos and burritos
- Music: not everyone dances to salsa; there are more music styles than mariachi
- Lifestyle: not everyone lives in small, rural communities
- Values: different beliefs
- Dress: not everyone wears a sombrero

### Intra-Cultural Differences

Besides these differences, we need to be aware of clashes and rivalries among Hispanics of different origins. Not all Hispanic groups are alike and not all Hispanic groups get along well.

- Puerto Ricans (US citizens)
- Cubans (Political refugees, legal status, higher educational level)
- Mexicans (lower educational level, some may be undocumented)
- Mexican-Americans

## Organizational Effectiveness

## Employee and Labor Relations Multi-Cultural Tips

- If Hispanics have a concern, they will talk within their group before going to a leader. Eventually, the whole group may come to a leader with their concern. Is this concerted activity?

### Misconceptions in the Hispanic's Eye

When people move to a foreign culture, they tend to measure what is said and done against their own set of pragmatic and cultural rules, that is, what the behavior means in their own culture, especially if their educational level is not high. After time and contact with the new culture, they gradually become acculturated and start to learn the "foreign" set of pragmatic rules. This is a slow and long process during which a lot of misconceptions can occur.

- "My Leader doesn't acknowledge me." Might mean that the leader doesn't take a few moments to great the person and talk about what's important to them before starting to talk about a work task
- "My leader is being disrespectful". Raising voice while giving commands (yelling): people tend to speak louder when talking to people whose English is not good
- Rude non-verbal interactions (throwing papers, grabbing something from them)
- Short answers (Because we are in a rush or think these are easier to understand for the Hispanic team member)
- Not having enough information creates and environment in which everything start to look suspicious (Filling in the blanks with their own perceptions)

## Build Trust

- Hispanics, in general, tend to be very loyal to those whom they have grown to trust
- As a supervisor/employer, if you make it a point to treat your Hispanic team members with dignity and respect, they are very likely to desire work for you
- For Hispanics, family is the highest priority, everything else, including work, is secondary. Look for ways to take advantage of these strong familial tendencies as a source of motivation on the workplace
- Criticism should be handled very carefully, saving face is what really matters, it is very important to protect people's dignity
- Working side by side, showing appreciation, recognizing efforts, and acknowledging them will help create and environment of trust

# Organizational Effectiveness

## Employee and Labor Relations Multi-Cultural Tips

Understanding the cultural nuances of Hispanics in the Target workplace is important in every situation. It is important to Target that we Foster an Inclusive Culture and live our commitment to diversity.

As it relates to employee and labor relations, there are a few important points that will help maintain an inclusive culture and help avoid potential labor incidents.

## A Team Divided

- Hierarchical: Leader vs. team member
- Cross-cultural: Anglo and other Minority Groups vs. Hispanic team members (Where language is one component)
- Intra-cultural: Hispanic vs. Hispanic

## Understanding Misconceptions
### Leadership

- In many Hispanic countries there is a fairly rigid socioeconomic class structure. Hispanics from a lower socioeconomic sector who move to other cultures tend to maintain this perception and apply it in their new environment.
- In the eyes of the Hispanic team member, the supervisor has a distinct role and is separate from the workers in terms of responsibility, authority and social-class. Hispanic workers typically maintain a sense of power distance from their superiors showing respect and obedience. Because of this, Hispanics may have difficulty taking initiative on certain tasks
- Decision making is the responsibility of the boss who then tells them what is to be done

### Concerted Activity – or is it collective thinking?
American (Individualist) vs Latin American (Collectivist)

| Individualist | Collectivist |
|---|---|
| - People prefer to take care of themselves and their immediate families, remaining independent from groups and organizations<br>- Personal fulfillment is the greatest good<br>- Self reliance and independence are highly valued<br>- "Results" are more important than how well you get along with others | - People from very early ages are integrated into strong cohesive groups<br>- The needs of the group take first place; group harmony is very important<br>- Employees function better as members of a team they do not like to stand out<br>- Mutual dependency ensures well being<br>- Fitting in and getting along with others are more important than technical competence and personal achievements |

- Collectivist cultures encourage interpersonal harmony, solidarity and interdependence with other group members

# Organizational Effectiveness

## Employee and Labor Relations Multi-Cultural Tips

## Communication

### Language/Culture Barrier

- Speaking Spanish at work (Explaining perceptions). Even if a person speaks English, the person feels more comfortable in their own language
- Behaviors that may not be appropriate in America (personal space, touching, nicknames, teasing)
- Recognition and feeling appreciated
- Perception of equal treatment

### Communicate Cross-Culturally

Communicating with someone from another culture goes beyond the words and the language. Understand who you are communicating with.

- Their verbal and on-verbal mannerisms, social tendencies and cultural idiosyncrasies, rather than just trying to substitute words in your language with words in another.
- Cultural idiosyncrasies: Meaning of time, being on time, embarrassed to "perform" in front of the group (FFF)
- People do not always say what they are thinking or mean what they say; you have to read between the lines
- Preserving and strengthening the relationship is the primary goal of the communication exchange
- People are reluctant to disagree or to say no (En un ratito)
- They may say "OK, OK" and pretend to understand, when they do not, just to save face.
- "Yes" is not usually an answer
- Stay away from idioms (Getting your feet wet, Up a creek, the whole nine yards, we struck out, not a snowball's chance)
- Over-The-Phone Interpretation service (Voiance)

