# EXHIBIT B

FILED
YOLO SUPERIOR COURT
AUG 02 2013
L. PINELLI
By_____
Deputy

SEYFARTH SHAW LLP
Laura Maechtlen (SBN 224923)
lmaechtlen@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

SEYFARTH SHAW LLP
Anthony J. Musante (SBN 252097)
amusante@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, CA 95814
Telephone: (916) 448-0159
Facsimile: (916) 558-4839

Attorneys for Defendant
TARGET CORPORATION

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF YOLO

| | |
|---|---|
| ROBERT N. GONZALEZ, BULMARO FABIAN, PEDRO GARCIA-AYALA,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION, DOES 1 TO 100,<br><br>Defendants. | Case No. CV-13-1116<br><br>**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES** |

Defendant TARGET CORPORATION ("Defendant" or "Target"), hereby answers Plaintiffs ROBERT N. GONZALEZ, BULMARO FABIAN, and PEDRO GARCIA-AYALA's ("Plaintiffs") unverified Complaint ("Complaint") as follows:

**GENERAL DENIAL**

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation, statement, matter and each purported cause of action contained in Plaintiffs' unverified Complaint, and without limiting the generality of the foregoing, denies, generally and specifically, that Plaintiffs have been damaged in the manner or sums alleged, or in any way at all, by reason of any alleged acts or omissions of Defendant.

1

## SEPARATE DEFENSES

In further answer to the Complaint, Defendant alleges the following additional defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiffs' burden to prove.

### FIRST SEPARATE DEFENSE:

**(Failure to State Claim for Relief - All Causes of Action)**

1. The Complaint and each cause of action attempted to be stated therein fails to set forth facts sufficient to constitute a cause of action.

### SECOND SEPARATE DEFENSE:

**(No Injury - All Causes of Action)**

2. Plaintiffs have sustained no injury or damages by reason of any act of Defendant.

### THIRD SEPARATE DEFENSE:

**(Statute of Limitations - All Causes of Action)**

3. Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred in whole or in part by applicable statute of limitations, including, but not limited to, California Code of Civil Procedure section 338, 343, and California Government Code section 12960.

### FOURTH SEPARATE DEFENSE:

**(Failure To Exhaust Administrative Remedies -All Causes of Action)**

4. On information and belief, Plaintiffs' purported causes of action are barred and/or the Court lacks subject matter jurisdiction, based on Plaintiffs' failure to exhaust their administrative remedies under the California Government Code, failure to timely exhaust their administrative remedies, or their failure to properly assert the subject of their claims in Plaintiffs' charges of discrimination filed with the California Department of Fair Employment and Housing.

### FIFTH SEPARATE DEFENSE:

**(Legitimate, Good-Faith, Non-Discriminatory, Non-Retaliatory Reasons - All Causes of Action)**

5. Plaintiffs' Complaint, and each purported cause of action alleged against Defendant, is barred because the alleged treatment complained of by Plaintiffs, if it occurred, is permissible as it was privileged, justified, and based on legitimate, good-faith, non-discriminatory and non-pretextual reasons.

#### SIXTH SEPARATE DEFENSE:

#### (Failure to Take Advantage of Corrective Opportunities - All Causes of Action)

6. Plaintiffs' Complaint, and each purported cause of action alleged are barred, and any recovery of damages is precluded in whole or in part because, on information and belief, Plaintiffs unreasonably failed to take advantage of Defendant's preventive or corrective opportunities, or unreasonably failed to avoid harm otherwise.

#### SEVENTH SEPARATE DEFENSE:

#### (No Vicarious Liability - All Causes of Action)

7. There is no factual or legal basis on which Defendant can be held vicariously liable for the alleged conduct of others.

#### EIGHTH SEPARATE DEFENSE:

#### (Unclean Hands - All Causes of Action)

8. Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred to the extent Plaintiffs have unclean hands.

#### NINTH SEPARATE DEFENSE:

#### (Laches - All Causes of Action)

9. The Complaint, and each cause of action alleged therein, is barred in whole or in part by the doctrine of laches.

#### TENTH SEPARATE DEFENSE:

#### (At-Will Employment - Second and Fifth Causes of Action)

10. Plaintiffs' purported causes of action are barred pursuant to California Labor Code section 2922 in that Plaintiffs' employment were, at all times, at-will.

#### ELEVENTH SEPARATE DEFENSE:

#### (After Acquired Evidence - All Causes of Action)

11. Defendant is informed and believes and thereon alleges that Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the doctrine of after-acquired evidence or, alternatively, the doctrine of after-acquired evidence limits and reduces Plaintiffs' alleged damages.

## TWELFTH SEPARATE DEFENSE:

### (Failure to Mitigate Damages - Second, Fourth, and Fifth Causes of Action)

12. Defendant is informed and believes and thereon alleges that Plaintiffs are barred from recovering any damages for lost wages; or any recovery for lost wages and/or earnings potential must be reduced, by virtue of Plaintiffs' failure to exercise reasonable diligence to mitigate their alleged damages.

## THIRTEENTH SEPARATE DEFENSE:

### (Avoidable Consequences - Second, Fourth, and Fifth Causes of Action)

13. Plaintiffs' damages are limited because Plaintiffs are precluded from seeking those damages they could have avoided by reasonable effort or expenditure.

## FOURTEENTH SEPARATE DEFENSE:

### (Appropriate Remedial Action - Third and Fourth Causes of Action)

14. To the extent Plaintiffs' Complaint alleges they were subject to any retaliation for activity protected under FEHA, Plaintiffs' claims are barred because all reasonable steps to prevent any alleged retaliation were taken once Defendant was made aware of Plaintiffs' complaints.

## FIFTEENTH SEPARATE DEFENSE:

### (Adoption of Anti-Discrimination Policy - All Causes of Action)

15. Plaintiffs' claim for punitive damages against Defendant is barred by Defendant's adoption, adherence, and/or enforcement of a policy against the discrimination of the type alleged in the Complaint.

## SIXTEENTH SEPARATE DEFENSE:

### (Employment Decisions Contrary to Employer's Policies - All Causes of Action)

16. Plaintiffs may not recover punitive damages for alleged discriminatory employment decisions or conduct to the extent that those decisions or alleged conduct are contrary to policies Defendant has instituted in good faith against wrongful conduct.

///
///
///

### SEVENTEENTH SEPARATE DEFENSE:

### (Labor Code § 2924 - All Causes of Action)

17. Plaintiffs' causes of action are barred pursuant to California Labor Code section 2924 in that Plaintiffs willfully breached their duties in the course of their employment, neglected their duties as an employee, or continually were incapable of performing such duties.

### EIGHTEENTH SEPARATE DEFENSE:

### (Labor Code §§ 2854 and 2856 - Second, Fourth, and Fifth Causes of Action)

18. Plaintiffs' claims are barred by virtue of California Labor Code sections 2854 and 2856 in that Plaintiffs failed to use ordinary care and diligence in the performance of their duties and failed to comply substantially with the reasonable directions of their employer.

### NINETEENTH SEPARATE DEFENSE:

### (Legitimate Non-Discriminatory Factors - All Causes of Action)

19. Plaintiffs may not obtain any of the relief requested in the Complaint because any adverse employment action, if taken at all, was taken against Plaintiffs based on legitimate, non-discriminatory factors other than Plaintiffs' alleged race, national origin, or age.

### TWENTIETH SEPARATE DEFENSE:

### (Workers' Compensation Exclusivity - All Causes of Action)

20. Plaintiffs' claims for purported physical or emotional injuries allegedly suffered during or as a result of their employment are barred in whole or in part because Plaintiffs' sole and exclusive remedies, if any, lie under the California Workers' Compensation Act.

### TWENTY-FIRST SEPARATE DEFENSE:

### (Set-Off - All Causes of Action)

21. Defendant is entitled to a set-off of any benefits Plaintiffs receive or have received from workers' compensation, unemployment compensation, and from any benefit plans of Defendant, for injuries or damages alleged in the Complaint, against any award of damages to Plaintiffs in this action.

///

///

///

### TWENTY-SECOND SEPARATE DEFENSE:

**(Pre-existing Condition or Alternative Cause - All Causes of Action)**

22. To the extent Plaintiffs suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing medical condition or psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

### TWENTY-THIRD SEPARATE DEFENSE:

**(Unconstitutionality of Punitive Damages - All Causes of Action)**

23. Plaintiffs' causes of action are barred to the extent that punitive damages are unconstitutional under the California and United States Constitutions.

### TWENTY-FOURTH SEPARATE DEFENSE:

**(Due Process - All Causes of Action)**

24. Plaintiffs' punitive damages claims constitute a denial of Defendant's right to due process of law and equal protection of the law and violate the separation of judicial, legislative and executive powers guaranteed by the United States Constitution.

### TWENTY-FIFTH SEPARATE DEFENSE:

**(Lack of Malice - All Causes of Action)**

25. Defendant alleges that, assuming, *arguendo*, any conduct alleged by Plaintiffs occurred, such conduct was not the result of purposeful, bad faith, knowing, willful, intentional, oppressive, fraudulent, malicious, despicable, or callous motive by Defendant.

### TWENTY-SIXTH SEPARATE DEFENSE:

**(Pending Discovery – All Causes of Action)**

26. Defendant presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses, and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

### DEFENDANT'S REQUEST FOR COSTS AND ATTORNEYS' FEES

27. Plaintiffs knew or should have known that their claims are without any reasonable basis in law or equity and cannot be supported by good faith argument for extension, modification or reversal of existing law. As a result of Plaintiffs' filing of this Complaint, Defendant has been required to obtain

the services of the undersigned attorneys, and has incurred and will continue to incur substantial costs and attorneys' fees in defense of this frivolous case. Defendant is therefore entitled to recover reasonable attorneys' fees, expenses, and costs incurred by and through this action in accordance with California Code of Civil Procedure section 128.7.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

1. Plaintiffs take nothing by the Complaint;
2. Plaintiffs be denied each and every demand and prayer for relief contained in the Complaint;
3. The Complaint be dismissed in its entirety with prejudice;
4. For costs of suit incurred herein;
5. For reasonable attorneys' fees; and
6. For such other and further relief as the Court deems proper.

DATED: August 2, 2013

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____
Laura Maechtlen
Anthony J. Musante
Attorneys for Defendant
TARGET CORPORATION

## PROOF OF SERVICE

STATE OF CALIFORNIA       )
                          ) ss
COUNTY OF SACRAMENTO      )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 400 Capitol Mall, Suite 2350, Sacramento, California 95814-4428. On August 2, 2013, I served the within documents:

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES**

☐ I sent such document from facsimile machines (916) 558-4839 on August 2, 2013. I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California, addressed as set forth below.

☐ by causing personal delivery of the document(s) listed above to the person(s) at the address(es) set forth below - through Nationwide Legal LLC - processing service.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Sacramento, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Simerdip Khangura
Casey Ayer
Law Offices of Ilija Cvetich
3465 American River Drive, Suite B
Sacramento, CA 95864
916-488-1930
916-488-1939 - FAX
email: sk@iclawoffices.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

1

PROOF OF SERVICE

15889371v.1

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 2, 2013, at Sacramento, California.

*Diana Gomez*
Diana Gomez