UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT N. GONZALEZ, et al., | Civ. No. S-13-1615 KJM AC |
| Plaintiffs, | |
| v. | ORDER |
| TARGET CORPORATION, | |
| Defendant. | |

The motion to remand filed by plaintiffs Robert Gonzalez, Bumaro Fabian and Pedro Garcia-Ayala (collectively "plaintiffs") is currently pending before the court. Defendant Target Corporation ("Target") opposes the motion. The court ordered the motion submitted on the pleadings and after considering the parties' papers DENIES the motion.

I. BACKGROUND

On June 21, 2013, plaintiffs filed an action against Target in Yolo County Superior Court, CV13-1116, alleging five causes of action arising from California's Fair Employment and Housing Act, CAL. GOV'T CODE §§ 12940, *et seq.*: (1) harassment based on race; (2) discrimination based on race; (3) retaliation; (4) failure to prevent harassment, discrimination, and retaliation; (5) discrimination based on age. ECF No. 2-1. Plaintiffs allege they were employed at Target's distribution center in Woodland when these various acts of discrimination occurred. *Id.*

1

On July 10, 2013, Target was served with the complaint; it filed its answer in Yolo County Superior Court on August 2, 2013. ECF No. 2 at 2.

On August 5, 2013, Target removed the case to this court under 28 U.S.C. §§ 1332(a) & 1441(b), noting that plaintiffs are citizens of California while Target is a citizen of Minnesota. ECF No. 2. It also alleged the amount in controversy exceeds $75,000 based on plaintiffs' claim for back pay and their hourly rate when terminated. *Id*. at 3-6.

Plaintiffs filed their motion to remand on August 30, 2013. ECF No. 8.

II. ANALYSIS

An action filed in state court may be removed to the district court where the state court is located if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). District courts have original jurisdiction in two situations: 1) federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States;" and 2) diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and there is complete diversity among the parties. 28 U.S.C. §§ 1331, 1332(a).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction, *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)), and in favor of remand, resolving any ambiguity in favor of remand to state court. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169 (E.D. Cal. 2011). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co*., 592 F.2d 1062, 1064 (9th Cir. 1979)). Because there is a "strong presumption" against removal jurisdiction, the removing party always has the burden of establishing that removal is proper. *Id*.

Plaintiffs do not challenge Target's claim that the amount in controversy exceeds the $75,000 threshold, but rather argue that because Target is a citizen of California there is no diversity. They also argue they "may need to amend . . . to name the individuals that are

/////

2

responsible for the discrimination, harassment and implementation and/or creation of the training document." ECF No. 8 at 3.  Finally they argue their choice of forum should be respected.

Defendants counter that Target is a citizen of Minnesota under either test used for determining corporate citizenship and that removal cannot be defeated based on the possibility that amendment will add non-diverse defendants.  ECF No. 9 at 2.

### A. Target's Citizenship

Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." In *Hertz Corp. v. Friend,* the Supreme Court considered the Circuits' varying interpretations of this provision and concluded that a corporation's "principal place of business" for diversity purposes "is best read as referring to the place where the corporation's officers direct, control, and coordinate the corporation's activities.  It is the place the Courts of Appeal have called the corporation's 'nerve center.'  And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office whether the corporation holds its board meetings . . . ." 559 U.S. 77, 92-93 (2010).

Target has presented the declaration of Adriana Gabbard, Target's Human Resources Manager, who avers that Target's retail stores and distribution centers are directed from Target's headquarters in Minneapolis, Minnesota, which houses Target's administrative and financial offices and the bulk of its corporate records.  Gabbard Declaration, ECF No. 9-1 ¶ 3. She also avers that Target is incorporated under the laws of the State of Minnesota and is widely known as a Minnesota corporation. *Id*. ¶ 4. *See also Lopez v. Target Corp*., No. EDCV 11-1282 CAS (OPx), 2011 WL 4852504, at *2 (C.D. Cal. Oct. 12, 2011) (finding "under *Hertz*, defendant Target's principal place of business is Minnesota").

Plaintiffs suggest that Target's "nerve center" is the Woodland distribution center because "significant policy, procedure and operations decisions were made at . . . the Woodland Distribution Center that is the center of this lawsuit." ECF No. 8 at 5.  Although their reasoning is not particularly clear, it appears this claim is based on a press release from a Target

1  spokesperson, who said that an offensive "Multi-Cultural Tips" information sheet reminding
2  employees that not all their Hispanic co-workers eat tacos or wear sombreros, "is not
3  representative of who Target is," and although "used during conversations at one distribution
4  center, was never part of any formal or company-wide training." *See* ECF No. 8-1.  Plaintiffs cite
5  no authority suggesting one outpost of a large corporation becomes the corporate nerve center
6  simply because it formulates a policy not used corporation-wide.  As plaintiffs have not presented
7  any evidence of the Woodland center's functions or importance in the Target hierarchy, they have
8  not rebutted Target's showing of its citizenship.  The court finds Target is a citizen of Minnesota
9  for diversity purposes.

10         B.  Other Defendants

11     Although plaintiffs include "Doe" defendants in their complaint, their presence
12 does not defeat diversity.  28 U.S.C. § 1441(b)(1) (in determining whether an action is removable
13 based on diversity, "the citizenship of defendants sued under fictitious names shall be
14 disregarded"); *Soliman v. Philip Morris, Inc*., 311 F.3d 966, 971 (9th Cir. 2002).  The citizenship
15 of Doe defendants "becomes relevant only if and when plaintiff seeks leave to substitute a named
16 defendant." *Id*.  As plaintiffs have only suggested they may seek to substitute non-diverse
17 defendants, they have not shown removal was improper.

18         C. Plaintiffs' Choice of Forum and Convenience

19     Plaintiffs finally argue they had "several reasons" for choosing Yolo County
20 Superior Court, including the potential for "speedy resolution" of their claims and the availability
21 of "several forms of alternative dispute resolution."  ECF No. 8 at 7.  "'[R]especting a plaintiff's
22 choice of forum does not permit a court to remand a properly removed action.'"  *Benas v. Shea*
23 *Mortg., Inc*., No. 11cv1461-IEG (BGS), 2011 WL 4635645, at *3 (S.D. Cal. Oct. 4, 2011)
24 (quoting *Rawak-German*, No. 09cv2385, 2010 WL 596442 at *2 (S.D. Cal. Feb. 16, 2010)).
25 Regarding alternative dispute resolution, plaintiffs are welcome to attempt to secure Target's
26 stipulation for a referral to this court's Voluntary Dispute Resolution Program before the pretrial
27 scheduling conference currently set for December 12, 2013; the new case documents generated
28 /////

when the case was removed here included a notice of the availability of this program. *See* ECF No. 5.

IT IS THEREFORE ORDERED that plaintiffs' motion to remand, ECF No. 8, is denied.

Dated: October 7, 2013.

_____
UNITED STATES DISTRICT JUDGE