1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

ROBERT M. GONZALEZ, et al.,

No.  2:13-CV-01615-KJM-AC

12

Plaintiffs,

13
14

v.

ORDER

15

TARGET CORPORATION, et al.,

16

Defendants.

17
18

Target Corporation ("defendant") moves to strike plaintiffs' jury demand.

19 Def.'s Mot. Strike Pls.' Jury Demand ("Mot.") at 1, ECF No. 18-1.  The court heard argument

20 on April 25, 2014, with Ilija Cvetich appearing for plaintiffs and Anthony J. Musante appearing

21 for defendant.  For the reasons below, the court construes the motion to strike under Federal

22 Rule of Civil Procedure 12(f) as a motion to strike under Rule 39(a)(2) and GRANTS the

23 motion.

24      I.      BACKGROUND

25           Plaintiffs, former employees of defendant, allege various employment claims.

26 Compl. ¶¶ 32–77, ECF No. 2-1.  They filed suit in California Superior Court, Yolo County on

27 June 21, 2013, *id.* at 13, and defendant answered on August 2, 2013, Notice of Removal, Ex. B,

28

1

1    ECF No. 2-2.  On the basis of diversity jurisdiction, defendant properly removed on August 5,

2    2013.  Order Denying Pls.' Mot. Remand at 1–2, ECF No. 11.

3              In anticipation of the January 9, 2014 scheduling conference, the parties filed a

4    joint status report on December 6, 2013.  Joint Status Report at 6, ECF No. 13.  At the

5    conference, the court directed the parties to brief whether plaintiffs had waived the right to a

6    jury trial and to calendar the matter for hearing no later than March 28, 2014.  Status (Pretrial

7    Scheduling) Order at 4, ECF No. 15.  Defendant filed the instant motion on March 17, 2014,

8    Mot. at 7, plaintiffs opposed on April 10, 2014, Pls.' Opp'n to Mot. ("Opp'n") at 5, ECF

9    No. 19, and defendant replied on April 18, 2014, Def.'s Reply to Opp'n ("Reply") at 6, ECF

10   No. 20.

11   II.    STANDARD

12             Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading

13   an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

14   However, "Rule 12(f) does not authorize district courts to strike claims . . . precluded as a

15   matter of law" because such claims do not fall within one "of the five categories cover[ed]" by

16   Rule 12(f).  *Whittlestone, Inc. v. Handi-Craft Co*., 618 F.3d 970, 974–75 (9th Cir. 2010).  To

17   "read Rule 12(f) in a manner that allow[s] litigants to use it as a means to dismiss some or all of

18   a pleading . . . would . . . creat[e] redundancies within the Federal Rules of Civil Procedure[]

19   because a Rule 12(b)(6) motion . . . already serves such a purpose."  *Id.* at 974.  Further, to do

20   so would result in "[a]pplying different standards of review[] when the . . . underlying action is

21   the same" because Rule 12(f) motions are reviewed for abuse of discretion, while Rule 12(b)(6)

22   motions are reviewed *de novo*.  *Id.*

23             "'Where a motion is in substance a Rule 12(b)(6) motion, but is incorrectly

24   denominated as a Rule 12(f) motion, a court may convert the improperly designated Rule 12(f)

25   motion into a Rule 12(b)(6) motion.'"  *Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132,

26   1146 (E.D. Cal. 2010) (quoting *Consumer Solutions R.E.O., LLC v. Hillery*, 658 F. Supp. 2d

27   1002, 1021 (N.D. Cal. 2009)).  This allows the court to avoid different standards of review but

28

2

remains consistent with "'[t]he function of a 12(f) motion . . . to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" *Consumer Solutions*, 658 F. Supp. 2d at 1020 (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)).

"[M]otions challenging the legitimacy of a jury demand are frequently identified as 'motions to strike.' Such motions, however, have only rarely been associated with Rule 12(f) . . . . It is arguable that a motion to strike a jury demand is more appropriately made under Rule 39(a)(2) . . . ." *Brown v. Aetna Life Ins. Co.*, No. EP-13-CV-131-KC, 2013 WL 3442042, at *5 (W.D. Tex. July 8, 2013) (citations omitted). Under Rule 39(a)(2), "[w]hen a jury trial has been [properly] demanded . . . , the action must be designated on the docket as a jury action," "unless . . . the court . . . finds . . . there is no federal right to a jury trial."

III.   <u>ANALYSIS</u>

Defendant argues plaintiffs failed to timely demand a jury trial. Mot. at 1. It asserts that plaintiffs did not make a demand sufficient to meet the requirements under either state or federal law, if ever, until filing of the joint status report. *Id.* However, the report was not filed until the period authorized by Rule 38 had elapsed. *Id.* Thus, defendant concludes, plaintiffs have waived their right to a jury trial. *Id.*

Plaintiffs concede they did not "demand[] a jury trial . . . [until] the parties submitted their [joint status report]" and the original complaint, still operative, "does not explicitly demand a jury trial." Opp'n at 3. Nonetheless, they insist defendant was aware of plaintiffs' intention to try the case to a jury before the Rule 38 deadline passed, as evidenced by defendant's "acknowledge[ment] that this case would proceed by jury trial and presumabl[e] anticipat[ion of] Plaintiffs' jury demand." *Id.* (citing Notice of Removal ¶ 15). Because the demand requirement serves to provide notice, plaintiffs argue the court "has the discretion to grant Plaintiffs' jury demand and . . . should use its discretion . . . here." *Id.*

As a prefatory matter, because defendant asserts that the jury demand is untimely and thus precluded as a matter of law, the demand is not properly the subject of a motion to strike under Rule 12(f). *See Whittlestone, Inc.*, 618 F.3d at 974–75. Additionally,

1   although the court may construe a motion to strike as a motion to dismiss where the challenged

2   claim is allegedly precluded as a matter of law, *Kelley*, 750 F. Supp. 2d at 1146, a jury demand

3   is not a claim or part thereof and, therefore, not properly the subject of a motion to dismiss

4   under Rule 12(b)(6), *see* FED. R. CIV. P. 12(b).[1]  Instead, a motion to strike a demand for jury

5   trial is properly brought under Rule 39(a)(2), *see Brown*, 2013 WL 344042, at *5, and the court

6   construes defendant's motion as such, *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so

7   as to do justice.").

8           "[T]he purpose of a jury demand is to inform the court and opposing counsel

9   that certain issues will be tried to a jury." *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061,

10  1065 (9th Cir. 2005).  At a minimum, courts "insist . . . that the jury demand be sufficiently

11  clear to alert a careful reader that a jury trial is requested . . . ." *Id.* at 1064.  "A party waives a

12  jury trial unless its demand is properly served and filed." FED. R. CIV. P. 38(d).  However, the

13  court "'indulge[s] every reasonable presumption against waiver' of the jury trial right." *Lutz*,

14  403 F.3d at 1064 (quoting *Aetna Ins. Co. v. Kennedy ex rel. Bogash*, 301 U.S. 389, 393 (1937)).

15          Rule 81 governs jury demands in a removed action. FED. R. CIV. P. 81(c)(3).

16  Under the rule, "a party [is] entitled to a jury trial . . . if the party serves a demand within 14

17  days after" removal. *Id.*  "[F]ailure to make a timely jury trial request in federal court . . .

18  ordinarily mean[s] that [the party] waived [the] right to trial by jury." *Lutz*, 403 F.3d at 1063

19  (citation omitted).  "However, Rule 81(c) provides two possible avenues around waiver in

20  removal cases": (1) if the party "made a proper jury request under *state* law before the case was

21  removed," *id.* (emphasis in original) (citing FED. R. CIV. P. 81(c)); or (2) "if [the] state

22  complaint already contained a jury demand that would have satisfied Rule 38(b)," *id.* at 1064

23  (citations omitted).

24

25

_____

26      [1] As defendant answered in state court before removal, both a motion to dismiss and a
    motion to strike are untimely here. FED. R. CIV. P. 12(b), (f).  However, a motion to dismiss
27  filed after an answer "should . . . be[] treated as a motion for judgment on the pleadings,
    pursuant to Rule 12(c) . . . ." *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir.
28  2004) (citation omitted).

Additionally, the court in its discretion "may, on motion, order a trial by a jury of any or all issues."  FED. R. CIV. P. 39(b); *see also Lewis v. Time, Inc.*, 710 F.2d 549, 556 (9th Cir. 1983) ("The district court, in its discretion, may order a jury trial on a motion by a party who has not filed a timely demand for one." (citation omitted)), *overruled on other grounds by Unelko Corp. v. Rooney*, 912 F.2d 1049, 1052–53 (9th Cir. 1990).  Notwithstanding the court's discretion, "[a]n untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown."  *Pac. Fisheries Corp. v. H.I.H. Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001) (citations omitted); *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1086 (9th Cir. 2002).  Absent such a showing, granting an untimely jury demand constitutes an abuse of discretion.  *Lutz*, 403 F.3d at 1065 n.4 (citation omitted).

Here, as already noted, plaintiffs concede they did not "demand[] a jury trial . . . [until] the parties submitted their [joint status report]."  Opp'n at 3.  Defendant removed on August 5, 2013, Notice of Removal at 7, and the joint status report was not filed until December 6, 2013, Joint Status Report at 6.  Because more than fourteen days elapsed in the interim, plaintiffs' demand is untimely.  FED. R. CIV. P. 81(c)(3).  Accordingly, unless an exception applies, the right has been waived.  *Id.*; FED. R. CIV. P. 38(d).

As noted, a party is excused from Rule 81(c)'s requirements if the party "made a proper jury request under *state* law before the case was removed."  *Lutz*, 403 F.3d at 1063 (emphasis in original) (citing FED. R. CIV. P. 81(c)).  Under California law, the party demanding a jury trial must make "an express demand at the time the case is set for trial."  *Mondor v. U.S. Dist. Court*, 910 F.2d 585, 586–87 (9th Cir. 1990) (interpreting CAL. CIV. PROC. CODE § 631); *Singh v. Sw. Airlines Co.*, 82 F. App'x 549, 551 (9th Cir. 2003) (mem.) ("We have construed California law as requiring an express demand [for a jury trial].").  Here, plaintiffs concede the complaint "does not explicitly demand a jury trial," Opp'n at 3, and they made no other "express demand" in state court, Hr'g Tr. 5:13–17, ECF No. 23.  Thus, plaintiffs did not make a proper state request prior to removal.  *Mondor*, 910 F.2d at 586–87.

A party is also excused from Rule 81(c)'s requirements "if [the] state complaint already contained a jury demand that would have satisfied Rule 38(b)."  *Lutz*, 403 F.3d at 1064

5

1   (citations omitted).  Under Rule 38(b), such a demand must "be sufficiently clear to alert a

2   careful reader that a jury trial is requested . . . ."  *Id.*  The demand need not, however, be

3   "ideal."  *Id.*  Even one "made in passing," "buried in the body of the complaint" or "easily . . .

4   overlooked" may suffice.  *Id.*

5              Here, plaintiffs concede the complaint contains no jury demand.[2]  Opp'n at 3.

6   Even where the court "indulg[es] every reasonable presumption against waiver," the holding in

7   *Lutz* cannot be stretched to permit nonexistent demands.  403 F.3d at 1064 (citation and internal

8   quotation marks omitted).  The complaint contains no jury demand; therefore, it necessarily

9   fails to include one that satisfies Rule 38(b).

10             Plaintiffs also argue that because defendant "acknowledged that this case would

11  proceed by jury trial and presumably anticipated Plaintiffs' jury demand," they have "satisfied

12  their duty as to the purpose of the demand early in the proceedings . . . ."  Opp'n at 3 (citing

13  Notice of Removal ¶ 15).  In the Notice of Removal, defendant asserts diversity jurisdiction,

14  stating "it is unimaginable that Plaintiffs' counsel would seek less than $75,000 in attorneys'

15  fees for a jury trial of the claims alleged in the Complaint."  Notice of Removal ¶ 15.  In so

16  arguing, defendant necessarily presupposed a jury trial would occur.  However, even assuming

17  defendant had actual knowledge that plaintiffs intended to try the case to a jury, this alone is

18  insufficient to permit the court to "reasonabl[y] presum[e]" that defendant had this knowledge

19  because plaintiffs made a demand that complied with Rule 38(b).  *Lutz*, 403 F.3d at 1064

20  (citation and internal quotation marks omitted).

21

22  _____

23             [2]  Defendant does reference plaintiffs' "Civil Cover Sheet," on which plaintiffs
    "check[ed] the box" demanding a jury trial.  Mot. at 3.  However, plaintiffs make no mention of
24  the document, and neither party has filed it with the court.  Even were the court to consider it,
    "checking the jury demand box on the civil cover sheet is insufficient to meet the requirements
25  of rule 38(b)," *Wall v. Nat'l R.R. Passenger Corp.*, 718 F.2d 906, 909 (9th Cir. 1983) ("The
    civil docket sheet is an administrative document . . . and is not served on the opposing party.");
26  *accord* L.R. 201 ("Any notation on the civil cover sheet . . . concerning whether a jury trial is
    or is not demanded, shall not constitute a demand for a jury trial under these Rules."), or
27  California Code of Civil Procedure section 631, *see Mondor*, 910 F.2d at 586–87 (noting, in
    dictum, that jury demand in caption of complaint was insufficient under California law).
28

1      Lastly, the court, "in its discretion, may order a jury trial on a motion by a party

2 who has not filed a timely demand for one." *Lewis*, 710 F.2d at 556 (citing FED. R. CIV. P.

3 39(b)). However, this discretion is limited: "[a]n untimely request for a jury trial must be

4 denied unless some cause beyond mere inadvertence is shown." *Pac. Fisheries Corp.*, 239

5 F.3d at 1002. Here, the request is untimely, and plaintiffs have failed to advance any

6 explanation for their delinquency. Rather, they contend on the basis of *Johnson v. Dalton*, 57

7 F. Supp. 2d 958, 961 (C.D. Cal. 1999), that despite plaintiffs' inadvertence, the court may

8 exercise its discretion. Opp'n at 4.

9      Plaintiffs' citation is misplaced. In *Johnson*, the district court exercised its

10 discretion to permit a jury trial, despite the plaintiff's admission "that the failure to timely file a

11 jury demand was the result of 'oversight or inadvertence.'" 57 F. Supp. at 960 (citing *Lewis*,

12 710 F.2d at 556). This was in contravention of controlling Ninth Circuit authority, and the

13 *Johnson* court admitted as much. *Id.* ("Despite suggestions in Ninth Circuit opinions that the

14 Court does not have discretion in this case, the Court finds that the Rule itself, case law, and

15 policy support the court's [sic] exercise of discretion here."). Bound by the Ninth Circuit's

16 admonition that the court's "'discretion is narrow . . . and does not permit a court to grant relief

17 when the failure to make a timely demand results from an oversight or inadvertence,'" *id.*

18 (quoting *Lewis*, 710 F.2d at 556), this court declines to follow *Johnson*. In light of plaintiffs'

19 insufficient showing, the court is without discretion to order a jury trial.

20   IV.   <u>CONCLUSION</u>

21      The court GRANTS the motion to strike under Rule 39(a)(2). The case will not

22 be tried to a jury. The court may, at a later date and upon further briefing, decide whether to

23 empanel an advisory jury under Rule 39(c)(1).

24      IT IS SO ORDERED.

25 DATED: June 5, 2014.

26

27                                          _____
                                            UNITED STATES DISTRICT JUDGE
28